UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOANA CEPEDA o/b/o E.G.          :
                                :
        v.                      :        C.A. No. 16-042S
                                :
CAROLYN W. COLVIN, Acting        :
Commissioner of the Social Security  :
Administration                  :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Social Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g).  Plaintiff filed her Complaint on behalf of her minor child on January 28, 2016 seeking to reverse the decision of the Commissioner.  On October 30, 2016, Plaintiff filed a Motion to Reverse the Decision of the Commissioner.  (Document No. 14).  On November 28, 2016, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner.  (Document No. 15).  Plaintiff filed a Reply Brief on December 13, 2016.  (Document No. 16).

This matter has been referred to me for preliminary review, findings and recommended disposition.  28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act.  Consequently, I recommend that Plaintiff's Motion (Document No. 14) be GRANTED and that the Commissioner's Motion (Document No. 15) be DENIED.

## I.    PROCEDURAL HISTORY

Plaintiff filed an application for SSI on behalf of her then thirteen year old daughter, E.G., on December 27, 2011 alleging disability since April 1, 2011.  (Tr. 147-156).  The application was denied on February 23, 2012.  (Tr. 71-76).

Plaintiff again filed an application for SSI on behalf of her daughter, E.G., on December 10, 2012 with an onset date of February 11, 2010.  (Tr. 157-165).  The application was denied initially on March 29, 2013 (Tr. 78-86) and on reconsideration on July 9, 2013.  (Tr. 88-97).

Plaintiff requested an Administrative Hearing.  On March 6, 2014, a hearing was held before Administrative Law Judge Barry H. Best (the "ALJ") at which time Ms. Cepeda and her daughter, represented by counsel, appeared and testified.  (Tr. 39-69).  The ALJ issued an unfavorable decision to Plaintiff on April 24, 2014.  (Tr. 24-37).  The Appeals Council denied Plaintiff's request for review on October 28, 2015.  (Tr. 1-5).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's finding that E.G. has less than marked limitations in attending and completing tasks is not supported by substantial evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's findings are supported by substantial evidence and must be affirmed.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than

merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate

where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

-4-

## IV.    CHILDHOOD DISABILITY DETERMINATION

A child under age eighteen is considered disabled, and is entitled to SSI benefits, if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(c). The Social Security regulations include a three-step test for the purpose of adjudicating children's disability claims under this standard. 20 C.F.R. § 416.924(b)-(d) (2004). That test, known as the Children's Benefit Analysis, requires the ALJ to determine: (1) whether the child is engaged in "substantial gainful activity," (2) whether the child has "a medically determinable impairment[ ] that is severe," and (3) whether the child's "impairment(s)...meet, medically equal, or functionally equal [a] list[ed] impairment]." Id. A negative answer at any step precludes a finding of disability. 20 C.F.R. § 416.924a. "The claimant seeking [childhood] benefits bears the burden of proving that his or her impairment meets or equals a listed impairment." Hall o/b/o Lee v. Apfel, 122 F. Supp. 2d 959, 964 (N.D. Ill. 2000) (citing Maggard v. Apfel, 167 F.3d 376, 380 (7th Cir. 1999)).

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical

evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to

retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Three-step Evaluation

The ALJ must follow three steps in evaluating a claim of childhood disability.  See 20 C.F.R. § 416.924.  In particular, the ALJ must determine whether: (1) the child is engaged in substantial gainful activity; (2) the child has an impairment or combination of impairments that is severe; and (3) the child's impairment meets or equals an impairment listed in Appendix 1, Subpart P of the regulations.  20 C.F.R. §§ 416.924(b)-(d).  If, at the third step of the analysis, the ALJ determines that the child's impairment does not meet or equal a listed impairment, the ALJ must then consider whether the child's impairment is equivalent in severity to that of a listed impairment (i.e., whether it "results in limitations that

functionally equal the listings"). 20 C.F.R. § 416.926a(a). Provisions for functional equivalence are

established in 20 C.F.R. § 416.926a. Stated generally, to functionally equal a listed impairment, a child

must demonstrate an "extreme" limitation in one area of functioning, or show "marked" limitation in

two areas of functioning. 20 C.F.R. § 416.926a(a). The ALJ must review the following six areas or

"domains" of functioning: acquiring and using information; attending and completing tasks; interacting

with others; moving about and manipulating objects; caring for yourself; and health and physical well-

being. 20 C.F.R. § 416.926a(b)(1), (g-1).

     A "marked" limitation is found where a claimant's impairment(s):

> interferes seriously with your ability to independently initiate, sustain,
> or complete activities. Your day-to-day functioning may be seriously
> limited when your impairment(s) limits only one activity or when the
> interactive and cumulative effects of your impairment(s) limit several
> activities. "Marked" limitation also means a limitation that is "more
> than moderate" but "less than extreme." It is the equivalent of the
> functioning we would expect to find on standardized testing with scores
> that are at least two, but less than three, standard deviations below the
> mean.

20 C.F.R. § 416.926a(e)(2)(i). While an "extreme" limitation is found where a claimant's

impairment(s):

> interferes very seriously with your ability to independently initiate,
> sustain, or complete activities. Your day-to-day functioning may be
> very seriously limited when your impairment(s) limits only one activity
> or when the interactive and cumulative effects of your impairment(s)
> limit several activities. "Extreme" limitation also means a limitation
> that is "more than marked." "Extreme" limitation is the rating we give
> to the worst limitations. However, "extreme limitation" does not
> necessarily mean a total lack or loss of ability to function. It is the
> equivalent of the functioning we would expect to find on standardized
> testing with scores that are at least three standard deviations below the
> mean.

20 C.F.R. § 416.926a(e)(3)(i).

-8-

### 1.      Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36.
Congress has determined that a claimant will not be considered disabled unless he furnishes medical and
other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical
impairment which could reasonably be expected to produce the pain or symptoms alleged.  42 U.S.C.
§ 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including
pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the
objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and
laboratory findings show medical impairments which reasonably could be expected to produce the pain
alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)      The nature, location, onset, duration, frequency, radiation, and
> intensity of any pain;
>
> (2)      Precipitating and aggravating factors (e.g., movement, activity,
> environmental conditions);
>
> (3)      Type, dosage, effectiveness, and adverse side-effects of any pain
> medication;
>
> (4)      Treatment, other than medication, for relief of pain;
>
> (5)      Functional restrictions; and
>
> (6)      The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement
as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.      Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate
specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.

Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ found that E.G. had the severe impairments of attention deficit hyperactivity disorder ("ADHD") and oppositional defiant disorder ("ODD").  (Tr. 27).  The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairments.  (Tr. 27-28).  The ALJ found the following limitations:

- •    Acquiring and using information: less than marked.  (Tr. 29-30).
- •    Attention and completing tasks: less than marked.  (Tr. 30-31).
- •    Interacting and relating with others: marked.  (Tr. 31-32).
- •    Moving about and manipulating: no limitations.  (Tr. 34).
- •    Caring for yourself: no limitation.  (Tr. 35).
- •    Health and physical well-being: no limitation.  (Tr. 36).

Given that E.G. had only one "marked" impairment in interacting and relating with others, and not the required two marked domains or one extreme domain, the ALJ concluded that E.G. was not disabled within the meaning of the Social Security Act.  (Tr. 36).

### B.      Attending and Completing Tasks

Relying on the opinions of Dr. Gordon and Dr. Hughes (Tr. 78-86, 88-97), the ALJ concluded that E.G. had a less than marked limitation in the domain of attending and completing tasks. (Tr. 30-31). Dr. Gordon and Dr. Hughes reviewed the records as of March 2013 and July 2013, respectively. (Exhs. 4A and 6A).  They considered the report of Dr. Teixeira who conducted a psychiatric examination of E.G. on February 28, 2013.  (Exh. 8F).  Dr. Teixeira opined that E.G.'s attention and concentration appeared to be poor and that she appears to have problems in the areas of concentration, persistence and pace.  (Tr. 414).  At the time, E.G. was residing with her mother and attending eighth grade in public school with "special classes due to learning and behavior problems."  (Tr. 412).

After reviewing the records, including Dr. Teixeira's report, both Dr. Gordon and Dr. Hughes concluded that E.G. had a less than marked impairment in the domain of attending and completing tasks. (Tr. 82, 93).  However, both observed as part of their conclusion that E.G. has "had no impatient/day treatment admissions."  Id.  The ALJ gave "great weight" to these opinions.  (Tr. 31).

Subsequent to the opinions of Dr. Gordon and Dr. Hughes, Plaintiff was taken out of public school and placed in the St. Mary's Home for Children, a residential program.  (Exh. 10F).  She was admitted on August 9, 2013.  (Tr. 433).  On February 11, 2014, E.G. was discharged from St. Mary's and transferred to the Farnum House, another residential treatment facility.  (Tr. 419).  The discharge summary notes that "[i]t was determined that [E.G.] needed a higher level of care in order to best meet her educational and behavioral needs."

The sole viable issue presented in this appeal is whether the subsequent change in circumstances effectively rendered the opinions of Dr. Gordon and Dr. Hughes to be stale or outdated.  In Alcantara v. Astrue, 257 Fed. Appx. 333, 334 (1st Cir. Dec. 12, 2007), the First Circuit in a per curiam opinion held that an ALJ erred by relying upon the opinion of a reviewing psychologist that was "based on a

-11-

significantly incomplete record" and "not well justified." Id. (citing 20 C.F.R. § 416.927(d)).  It also found fault with the ALJ's unsupported statement that the record underwent "no material change" after the psychologist's opinion was rendered, when, in fact, there was evidence of a subsequent material deterioration of the claimant's mental health.  Id.  Thus, the First Circuit concluded that "[a]bsent a medical advisor's or consultant's assessment of the full record, the ALJ effectively substituted his own judgment for medical opinion."  Id.

While Plaintiff here acknowledges that the ALJ had access to evidence regarding E.G.'s placements at St. Mary's Home and Farnum House, she argues that the ALJ improperly interpreted the psychological importance of these records without the benefit of an expert or reviewing psychologist. (Document No. 16 at p. 3).[1]  While an ALJ may rely on the opinions of consulting sources where the evidence post-dating their assessments does not show significant deterioration in condition, or where the subsequent records are not inconsistent with the consultant's opinions, see Ferland v. Astrue, No. 11-cv-123-SM, 2011 WL 5199989 at *4 (D.N.H. Oct. 31, 2011), this is not such a case.  Here, the record itself reveals that E.G.'s placement in a residential program (and discharge to a second program) is a material change in circumstances.  Both Dr. Gordon and Dr. Hughes made a point to note in their opinions regarding attending and completing tasks that E.G. had "no inpatient/day treatment admissions."  (Tr. 82, 93).  Thus, it would appear to follow that the presence of such an admission (and records therefrom) would have been relevant to their assessment.

The Commissioner contends that the residential placement at St. Mary's Home and subsequent transfer to the Farnum House is not "materially new information" and that "the ALJ considered the

---

[1] The decision as to whether or not to utilize a medical expert is within the ALJ's discretion, and the failure to do so is not per se a basis for reversal.  See Hodgkins v. Barnhart, No. 03-179-P-H, 2004 WL 1896996 (De.M. Aug. 25, 2004) citing Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 5 (1st Cir. 1987)).  The issue in this appeal is not whether the ALJ should have called a medical expert to testify, but rather whether the ALJ's finding is supported by substantial evidence in the absence of medical expert testimony.

medical, testimonial, and educational evidence," all of which supported his finding that E.G. had less than marked limitation in the domain in issue.[2]  However, there is absolutely no mention in the ALJ's decision of E.G.'s 2013 admission to St. Mary's Home or subsequent 2014 transfer to the Farnum House.  Thus, it is apparent that the ALJ did not consider this evidence in his decision or the impact of such evidence on his evaluation of the opinions of either Dr. Gordon or Dr. Hughes.  Accordingly, it was error for him under these specific circumstances to rely almost exclusively on the consulting psychologists' opinions.

## VI.    CONCLUSION

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (Document No. 14) be GRANTED and that Defendant's Motion to Affirm (Document No. 15) be DENIED.  Further, I recommend that Final Judgment enter in favor of Plaintiff reversing the decision of the Commissioner and remanding this matter for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 6, 2017

---

[2]  The Commissioner also contends that any error in this regard is effectively harmless since the evidence still would not support a finding of disability.  (Document No. 15-1 at pp. 11-12).  However, given the absence of any discussion of such evidence in the ALJ's decision, I decline the Commissioner's invitation to speculate about whether or not it would have impacted the conclusions of Dr. Gordon, Dr. Hughes or ultimately the ALJ.