UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JOANA CEPEDA, on behalf of E.G.,   )
                                   )
       Plaintiff,                   )
                                   )
   v.                              )   C.A. No. 16-042 S
                                   )
NANCY A. BERRYHILL[1], Acting      )
Commissioner, Social Security      )
Administration,                    )
                                   )
       Defendant.                   )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court are a Motion to Reverse, filed by Plaintiff Joana Cepeda, on behalf of her daughter E.G. ("Plaintiff") (ECF No. 14); a Motion to Affirm, filed by Defendant Acting Commissioner of the Social Security Administration, Nancy Berryhill ("Defendant") (ECF No. 15); Magistrate Judge Lincoln D. Almond's Report and Recommendation ("R&R") (ECF No. 17), which was filed on January 6, 2017, and recommends that the Court grant Plaintiff's Motion to Reverse and deny Defendant's Motion to Affirm; and Defendant's Objection to the R&R ("Defendant's Objection") (ECF No. 18). The R&R recommends that Final Judgment

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action.

enter in favor of Plaintiff, reversing the decision of the Commissioner and remanding this matter for further administrative proceedings. (R&R 13.)

Magistrate Judge Almond's R&R concluded that it was error for the presiding Social Security Administration's Administrative Law Judge (the "ALJ"), under the circumstances presented, "to rely almost exclusively on the consulting psychologists' opinions." (Id.)

In reaching his decision, the ALJ relied on the opinions of consulting psychologists, Drs. Gordon and Hughes, who in turn had relied on records from March 2013 and July 2013, respectively. The ALJ's decision was in lockstep with the consulting doctors in every area of potential limitation, and the ALJ stated that he gave "great weight" to their opinions. (See e.g., ALJ Hr'g Decision dated 4/24/14, Administrative R. 31, ECF No. 7-2.)

Dr. Gordon and Dr. Hughes each considered the report of Dr. Teixeira from February 28, 2013. (Administrative R. 79, 90, ECF No. 7-3.) But, in August 2013 (several months before the ALJ's decision issued in April 2014), E.G. was taken out of public school and placed in a residential program, St. Mary's Home for Children ("St. Mary's"). (See generally St. Mary's Discharge Summary, Ex. 10F, ECF No. 7-7.) She was discharged from St. Mary's in February 2014, and transferred to Farnum House, a second residential treatment program. (Id.) As the Magistrate Judge

2

noted, E.G.'s discharge summary notes from St. Mary's state that "[i]t was determined that [E.G.] needed a higher level of care in order to best meet her educational and behavioral needs." (Id. at 1.)

The Magistrate Judge identified the issue before him as "whether the subsequent change in circumstances effectively rendered the opinions of Dr. Gordon and Dr. Hughes to be stale or outdated." (R&R 11.) Though the ALJ had access to the information regarding E.G.'s residential treatment placements, the doctors on whose opinions he relied did not have access to that information. Because both Dr. Gordon and Dr. Hughes noted that E.G. had "no inpatient/day treatment admissions" (Administrative R. 82-83, 93-94, ECF No. 7-3), it was error for the ALJ to rely almost exclusively on their opinions where they were "based on a significantly incomplete record." Alcantara v. Astrue, 257 F. App'x 333, 334 (1st Cir. 2007).

In her objection, the Defendant argues that "the issue was whether substantial evidence supported the ALJ's conclusion that E.G. did not have marked limitation attending and completing tasks because of her symptom improvement when compliant with medication." (Def.'s Obj. 3.) The Court disagrees. While there is some evidence that the ALJ reviewed and considered evidence of E.G.'s placement in residential treatment programs, the Court agrees that it was error for the ALJ to give such great weight to

3

outdated and stale opinions by consulting doctors. The evidence of her residential treatment placements, as well as her need for a higher level of care to meet both behavioral and educational needs, represents a material change in the evidence. See Alcantara, 257 F. App'x at 334 (holding that consulting psychologist's opinion not entitled to significant weight where claimant's condition subsequently deteriorated and thus the opinion was based on a "significantly incomplete record"). E.G.'s improved symptoms on medication is only one piece of what consulting or treating doctors might consider in reviewing a complete set of records.

Accordingly, the Court hereby ACCEPTS the R&R (ECF No. 17); DENIES Defendant's Objection to the R&R (ECF No. 18); GRANTS Plaintiff's Motion to Reverse (ECF No. 14); and DENIES Defendant's Motion to Affirm (ECF No. 15). Final Judgment will enter forthwith in favor of Plaintiff, reversing the decision of the Commissioner and remanding the matter for further administrative proceedings consistent with this Memorandum and Order and the R&R. IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: March 17, 2017